USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
FILED: 12/18/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

TYQUAN SMITH,

                                                Plaintiff,

                  -against-

THE CITY OF NEW YORK; WARDEN JOHN/JANE
DOE # 1; SUPERVISOR C.O. JOHN/JANE DOE # 1-2;
CAPTAIN ISLER; Shield No. 929; CAPTAIN JOHN DOE
#1; C.O. CHARLES, Shield No. 7619; C.O. LEE;
CAPTAIN JEFFRIES C.O. JOHN/JANE DOES # 1-10; the
individual defendant(s) sued individually and in their
official capacities,

                                                Defendants.

---------------------------------------------------------------- x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

**18-CV-08416 (CM)**

        **WHEREAS,** pursuant to Rule 26 of the Federal Rules of Civil Procedure, defendant the City of New York ("Defendant") intends to produce to plaintiff Tyquan Smith ("Plaintiff") certain documents in the above-captioned action that it deems and/or may deem to be confidential, private, and/or subject to a law enforcement and/or governmental privilege and/or other applicable privileges, or otherwise inappropriate for public disclosure; and

        **WHEREAS,** Defendant objects to the production of those documents unless appropriate protection for their confidentiality is assured;

        **WHEREAS,** good cause therefore exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for plaintiff and defendant as follows:

        1.     As used herein, "Action" shall mean <u>Tyquan Smith v. City of New York, et al.</u>, 18-CV-08416 (CM) currently pending in the Southern District of New York.

2. As used herein, without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

  a) Any disciplinary records from the New York City Department of Correction (hereinafter "DOC") or any other governmental agency;

  b) Any photographs, video, or audio recordings made in the course of a DOC investigation;

  c) DOC's investigative file related to this Action;

  d) Other documents and information that may in good faith, during the pendency of this litigation, be designated Confidential Materials by Defendant or the Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed Confidential Materials to the extent, and only to the extent, that they are (a) lawfully obtained by Plaintiff by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"); or (b) are otherwise publicly available.

4. Defendant shall designate in good faith particular documents as Confidential Materials by labeling such documents "Confidential" and/or by designating such documents by Bates number in a writing directed to Plaintiff. Defendant shall have a reasonable time to inspect and designate as Confidential Materials documents sought from third-parties.

5. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Materials by Defendant shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

6. Defendant reserves the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to Plaintiff.

7. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared for or in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of any

other ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

8.   If Plaintiff objects to the designation of particular documents as Confidential Materials, Plaintiff shall state such objection in writing to Defendant, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then, within fifteen (15) days of receiving Defendant's response to Plaintiff's objections, Plaintiff shall seek judicial intervention. Any such materials or information shall remain Confidential Materials until the parties resolve the objection or there is a resolution of the designation by the Court.

9.   Plaintiff shall not use the Confidential Materials for any purpose other than for the preparation or presentation of Plaintiff's case in this Action.

10.   Plaintiff shall not disclose the Confidential Materials to any person not a member of the staff of his law office, except under the following conditions:

    a.   Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in this action, to those individuals described in the subparagraphs below.

    b.   Disclosure before trial may be made only to the Plaintiff, to an expert who has been retained or specially employed by Plaintiff in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

    c.   Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), Plaintiff shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. Plaintiff's counsel shall retain the signed consent and furnish a copy of same to Defendant's attorneys upon request at a deposition or immediately before trial, although the name of an expert that

Plaintiff's attorney does not intend to call as a trial witness may be redacted from such consent before it is produced.

11. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

12. If Plaintiff seeks to file papers with the Court that incorporate Confidential Materials, or reveal the contents thereof, he shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether Defendant objects to that request. No materials shall be filed under seal unless the Court has issued an Order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

13. Where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, Plaintiff may file redacted documents without further order of the Court.

14. Within 30 days after the termination of this Action, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to Defendant's attorneys or, upon Defendant's attorneys' consent, destroyed (except as to privileged material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendant's attorneys. Notwithstanding this provision, Plaintiff may retain a copy of all pleadings, motion papers,

transcripts, expert reports, legal memoranda, correspondence, or work product, even if such materials contain Confidential Materials, so long as appropriate safeguards (at least as stringent as those used to protect the party's own information of like nature) are imposed to prevent the use of any copies for any other purpose. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

15. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that has been deemed confidential pursuant to this Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff, or anyone receiving confidential documents pursuant to paragraph 10 herein, for any purpose without prior Court approval.

16. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

17. The terms of this Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

18. Nothing in this Stipulation and Protective Order shall be construed to limit

Defendant's use of the Confidential Materials in any manner.

Dated: December 17th, 2019.
New York, New York

ADAMS & COMMISSIONG LLP
*Attorney for Plaintiff*
65 Broadway, Suite 1603
New York, NY 10006

By: *Martin E. Adams* (signature)

Martin E. Adams, Esq.

JAMES E. JOHNSON
Corporation Counsel of the City of New York
*Attorney for Defendant*
100 Church Street
New York, New York 10007

By: *Joanne M. McLaren* (signature)

Joanne M. McLaren
Mark G. Toews

SO ORDERED:

*(signature)*

HON. COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

Dated: 17 December 2019

## THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated _____ 2019, entered into the action entitled Tyquan Smith v. City of New York, et al., 18-CV-08416 (CM), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____       Signature: _____

                                               Print Name: _____

                                               Occupation: _____